Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that although as a general rule a creditor having a right to resort to different persons, each equally responsible to him, ought not to be delayed in the collection of his debt from all or either of his debtors until the equities between the different debtors are adjusted, in this case, the plaintiff has waived any such right, by having convened the parties, and asking that his debt might be charged upon the subjects and parties, as of right they should be charged.
The Court is further of opinion, upon the authority of Parsons v. Briddock, 2 Tern. R. 608; Wright v. Morley, 11 Ves. R. 12; Douglass v. Fagg, 8 Leigh 588; and Givens v. Nelson, 10 Leigh 382, that the security in the injunction bond, executed upon the award of an injunction at the instance of the principal debtor alone, should be first charged in exoneration of the original security, who was no party to the injunction.
The Court is further of opinion, that the securities in the first and second injunction bonds, the order having required additional security, and the bonds being in the *362 usual form, stand equally liable, as much so as if they had been parties to the same bond.
The Court is therefore of opinion, that the plaintiff should have had a decree in the first instance against representatives of Jesse Tucker, John W. Bentley and Horatio Turpin, if any, and against the effects of ■said Horatio Turpin, in the hands of said William A. Turpin.
The Court is further of opinion, that as by the deed of trust executed by Horatio Turpin to $. Taylor and C. AH Rae, to indemnify the said William A. Turpin as his security in the ne exeat bond, no sale was authorized until the liability of such security in the ne exeat bond was ascertained; and the said bond not being filed, or any proof exhibited in relation thereto, or the breach of the condition thereof, the case is not in a condition to pronounce any opinion as to the liability of the security in the ne exeat bond,• nor to subject the land conveyed by the deed of trust.for the indemnity of such security. But the Court is of opinion, that if upon the exhibition of the ne exeat bond, or other proper evidence, the liability of the security in the ne exeat bond should be ascertained and fixed, that in that event, the land so conveyed in trust should be subjected to the charge, and the said security in the ne exeat bond should be held liable for any deficiency.
The Court is further of opinion, that if no liability can be fixed on the security in the ne exeat bond, the said land, though not liable to be sold by virtue of the conveyance in trust to indemnify such security, yet if the equitable title has continued in said Horatio Turpin, and descended to his heirs, the same could be subjected in a proper proceeding against said heirs, as absentees, to charge the land descended to them, for a debt of their ancestor binding his heirs.
The Court is further of opinion, that the representatives of said AJoss, the original security, and those claiming under him as volunteers, are ultimately responsible *363 for the penalty of the original debt, exclusive of damages and costs incurred in prosecuting the injunction.
The Court is further of opinion, that, as it respects the conveyance to Judith A. Bentley, the principle established in Huston v. Cantrill, 11 Leigh 136, must govern the case ; and as the children provided for in the settlement, took as purchasers for a consideration deemed valuable in law, the property conveyed cannot, in their hands, be charged with the debts of the first grantor, the said Moss.
The decree of the Court below is therefore reversed with costs, and the cause is remanded to be finally proceeded in according to the principles above declared.